IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN A. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 07-13 Erie |
| ) | |
| v. ) | |
| ) | District Judge McLaughlin |
| MARILYN S. BROOKS, et al., ) | Chief Magistrate Judge Baxter |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Respondent's Motion to Dismiss (Docket No. 18) be granted, that the Petition for Writ of Habeas Corpus be dismissed with prejudice, and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Glen A. Williams, is incarcerated at the State Correctional Institution located in Albion, Pennsylvania, where he is serving a term of imprisonment for convictions of rape and simple assault.  Currently pending before this court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254.  (Docket No. 4).  Respondents have filed a motion to dismiss the petition (Docket No. 18), contending that it is untimely under the applicable one-year statute of limitations.  U.S.C. § 2244(d).[1]

**A.     Relevant Factual and Procedural History**

In January 1992, the Commonwealth tried Petitioner on charges that he raped and assaulted

---

[1] Respondents have submitted the relevant transcripts and portions of the state court record ("SCR") in hard-copy format.  Documents contained in the SCR are indexed and numbered 1 through 51 and will be cited to as "SCR No. __ ").

1

an 18-year-old acquaintance of his.  Charles Barber, Esquire, represented him at his trial, which was presided over by the Honorable George Levin.  Petitioner testified in his defense and admitted that he had sex with the victim, but contended that the sex was consensual.  (1/13/92 Trial Tr. at 23, 28-30).  The jury did not credit his defense and convicted him of rape and simple assault.  On April 7, 1992, Judge Levin sentenced him to a term of incarceration of 7 ½ to 15 years.

Petitioner appealed to the Superior Court of Pennsylvania.  He challenged the jury selection process, contended that the prosecutor made improper remarks during closing argument, and asserted that a comment made by Judge Levin during the testimony of one of the Commonwealth's witnesses was so prejudicial that it denied him a fair trial.  (SCR No. 23).

On February 22, 1993, the Superior Court affirmed.  (SCR No. 25A).  Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  Accordingly, his judgment of sentence became final on or about March 24, 1993, the date on which the 30-day period to file such a petition expired.  Pa.R.App.Pro. 1113; see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On March 7, 1996, Petitioner filed a *pro se* motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  (SCR No. 27).  He contended that his trial counsel was ineffective because he: (1) presented a defense that Petitioner and the victim engaged in consensual sex; (2) failed to point out inconsistencies between the victim's preliminary hearing testimony and her trial testimony; and, (3) failed to pursue DNA testing to demonstrate that he did not have sexual intercourse with the victim.  He also contended that there was insufficient evidence to support his conviction; that the prosecution withheld evidence; that he is innocent; that the rape statute under which he was convicted was unconstitutional; and, that the jury selection was infirm.  (SCR Nos. 27 & 36).

Petitioner's PCRA case was assigned to the Honorable Ernest J. DiSantis, Jr., who appointed Sue Anthony Pfadt, Esquire, to represent him.  She subsequently filed a motion to withdraw as counsel accompanied by a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.Ct. 1988).  (SCR No. 36).

Judge DiSantis granted Attorney Pfadt's motion to withdraw and, on September 5, 1996, he

issued an order denying Petitioner's PCRA claims on the merits. (SCR Nos. 37 & 38). Petitioner did not appeal to the Superior Court.[2]

More than six years later, on December 24, 2005, Petitioner filed a motion with the Common Pleas Court for DNA testing pursuant to 42 Pa.C.S.A. § 9543.1. He requested that the sex crimes evidence kit taken from the victim and the victim's clothing be subjected to DNA testing. (SCR No. 43). On January 20, 2006, Judge DiSantis denied the motion. (SCR No. 46; see also SCR No. 49). Petitioner appealed, and on October 3, 2006, the Superior Court affirmed. (SCR No. 50). It noted that in order to be entitled to post-conviction DNA testing, a petitioner must present, among other things, a "*prima facie* case" demonstrating that the "*identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing*[.]" (Id. at 4 (emphasis added)). It then held that "identity" was not an issue in Petitioner's case, because: "the very theory of the defense, and the sum and substance of [Petitioner's] own testimony, was that the sexual intercourse had occurred and was consensual. Therefore, … [Petitioner's] participation was not at issue, [and] the results of the DNA testing would not establish his innocence." (Id. at 6).

Petitioner began proceedings in this court, at the very earliest, on December 30, 2006, the date he signed the Petition for Writ of Habeas Corpus. He claims that he is actually innocent of the crimes for which he was convicted because, although he and the victim "sexed it up a bit," he did not penetrate her. He contends that the state courts erred in denying his post-conviction request for DNA testing, that he is innocent, and that his trial counsel provided him with ineffective assistance for presenting as a defense that he and the victim engaged in consensual sexual intercourse.

### B. Time Period for Filing Federal Habeas Corpus Petitions

Respondents contend that Petitioner's claims are untimely under the one-year statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

---

[2] On or around January 14, 1997, Petitioner filed a motion for leave to file a PCRA appeal "nunc pro tunc," and in support argued that his appeal rights should be reinstated because Judge DiSantis erred in denying post-conviction relief. (SCR No. 39). Judge DiSantis denied that motion in January 1997. (SCR No. 40).

3

which is codified in relevant part at 28 U.S.C. § 2244(d)(1)(A).[3] That statute provides that a state prisoner has one year from the date his judgment of sentence becomes final (which is at the conclusion of his direct appeal) to file a timely federal habeas petition. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

In this case, because Petitioner's direct appeal concluded *prior* to the April 24, 1996 effective date of AEDPA, he technically had one year from that date (through April 23, 1997) to file a timely habeas petition under 28 U.S.C. § 2244(d)(1)(A). Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). However, AEDPA provides that "properly filed" applications for state post-conviction relief *that are pending during its limitations period* will *statutorily toll* the limitations period. 28 U.S.C. § 2244(d)(2). Therefore, AEDPA's limitations period was statutorily tolled during the pendency of the PCRA proceeding (which Petitioner commenced on March 7, 1996). Judge DiSantis denied PCRA relief on September 5, 1996 and the PCRA proceeding concluded on or around Monday, October 7, 1996, when the 30-day time period for filing an appeal expired. Therefore, Petitioner had one year from that date – until on or about **October 7, 1997** – to file a timely habeas petition with this court.[4] His December 2006 federal habeas petition therefore is untimely.

Finally, the doctrine of equitable tolling does not work to save Petitioner's claims. "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The Third Circuit Court has

---

[3] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. His petition for habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). He has not asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

[4] The state court record demonstrates that there were no other properly filed PCRA petitions pending between October 7, 1996 and October 7, 1997 that would have served to statutorily toll AEDPA's limitations period for any additional time. Petitioner's motion for DNA testing, which the state court construed as a second PCRA motion, was not filed in the state court until December 2005. That motion had no effect on AEDPA's limitations period, as that limitations period had expired long before the filing of that motion.

4

cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has exercised reasonable diligence in attempting to investigate and bring his claims, and (2) he was in some extraordinary way prevented from bringing his claims. Id. at 276-78; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not established those two elements in this case.

In addition to being untimely, the claims raised in the habeas petition also suffer from other infirmities. Petitioner appears to be asserting some of the same claims that he raised in his first PCRA motion, but he failed to properly appeal the denial of PCRA relief to the Superior Court and therefore he did not fully exhaust those claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As a result, the claims are now procedurally defaulted. See e.g. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). Additionally, he contends that the state courts erred in denying his 2005 motion for DNA testing filed pursuant to 42 Pa.C.S.A. § 9543.1, but that is a state law claim challenging the state post-conviction proceeding, and our review is limited to whether the proceeding that led to his conviction and sentence violated the Constitution. 28 U.S.C. §2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (state law claims are not cognizable in federal habeas review); see also Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) ("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.") Additionally, his freestanding claim of actual innocence does not state a federal constitutional claim and is not cognizable under the federal habeas corpus statute. See, e.g, Herrera v. Collins, 506 U.S. 390 (1993). Finally, Petitioner expressly admitted at trial that he had sex with the victim. His post-conviction attempts to retract that admission and his assertions that he and the victim only engaged in "foreplay" simply are not credible, nor do they entitle him to any relief in this court.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for

appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus should be dismissed with prejudice. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on all of the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (Docket No. 18) be granted, that the Petition for Writ of Habeas Corpus be dismissed with prejudice, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2008